## Rutt v. Shuler, Administrator, etc.

1. *Fraudulent   Conveyances — Secret   Trusts.* —A person against whom a judgment was recovered, sold his real estate for its full value to his son, and being a widower, advanced in years, called together his children, and in consideration of their verbal agreement to support him so long as he should live, made a distribution of his property among them. *It was held* that this distribution of his property was fraudulent as to creditors, whether done for the purpose of hindering and delaying his creditors, or in good faith.

2. *Debtor and Creditor—Fraudulent Transfer of Property.*—A debtor can not dispose of his property in secret trust for himself so as to defeat existing creditors in the collection of their debts. Although such a transaction may have a valuable consideration, it is fraudulent as to creditors, because it places beyond their reach a valuable right, and gives to the debtor the enjoyment of what rightfully belongs to them. It is wholly immaterial in such a case to show that no actual fraud was intended, for the result would be the same.

3. *Fraudulent Conveyances·—What is Not.*—A judgment debtor being the owner of real estate, sold it to his son for the full value, and having received payment for the same, distributed the proceeds among his children in consideration of their agreement to support him. *It was held,* that the conveyance of the real estate was not fraudulent as to judgment creditors, and a decree making it subject to the judgment and execution was reversed, it not appearing that the agreement between the father and the children entered into the consideration for the conveyance.

Memorandum.—Bill in aid of execution. Decree for complainants. Appeal from the Circuit Court of Whiteside County; the Hon. JOHN D. CRABTREE, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

A. A. WOLFERSPERGER, attorney for appellant.

J. E. McPHERRAN, attorney for appellee.

OPINION OF THE COURT, HARKER, P. J.

On the 18th of May, 1891, appellee, administrator of the estate of William H. Whipple, recovered a judgment in the

Circuit Court of Whiteside County against Samuel R. Rutt and John W. Rutt for the sum of $1,240. Execution was issued, and because of the sheriff's inability to collect, was returned not satisfied.

At the October term, 1891, appellee filed his bill in the Circuit Court in aid of execution, charging that John W. Rutt and Samuel R. Rutt had made fraudulent transfers of property for the purpose of defeating the collection of said judgment. Afterward, at the February term, 1892, he filed a supplemental bill joining Jonathan R. Rutt, Martin Rutt and Michael Rutt, as defendants, and charging that John W. Rutt, for the purpose of defeating the collection of the judgment, had made a fraudulent disposition of all his personal property by gift to his children, the other defendants, and that he had fraudulently conveyed to his son Jonathan R. Rutt, lot six, in block four, in E. D. LeFever's addition to the city of Sterling. The defendants answered, denying all the allegations in the original and supplemental bills. Upon the trial, the Circuit Court found that the conveyance from John W. Rutt to Jonathan R. Rutt was fraudulent, and decreed that it be set aside and the lot made subject to an execution issuing from the judgment. Jonathan R. Rutt appealed from that decree.

The evidence in this record shows that John W. Rutt, after the execution of the notes which formed the basis of the judgment recovered against him, and his son, Samuel R. Rutt, sold the lot in question to his son, Jonathan R. Rutt, for $1,600, its full value; that he received therefor $600 in cash, and a note and mortgage on the lot for $1,000,·and that the note and mortgage have been paid. It also appears that he, at the same time, being a widower, and quite advanced in years, called together his children and in consideration of their verbal agreement to support him so long as he should live, made a distribution of his property among them.

The distribution of his property by John W. Rutt to his children was fraudulent, whether done for the purpose of hindering and delaying creditors or in good faith. A debtor

can not dispose of his property in secret trust for himself so as to defeat existing creditors in the collection of their claims. Although such a transaction may be for a valuable consideration, it is fraudulent as to creditors, because it places beyond their reach a valuable right and gives to the debtor the enjoyment of what rightfully belongs to them. It is wholly immaterial in such a case to show that no actual fraud was intended, for the result would be the same. The Circuit Court could have entered a personal decree against the defendants who had taken under the distribution in proportion to the respective amounts taken by them.

We think the court erred in finding the conveyance of the town lot fraudulent, and in entering decree that it be set aside and made subject to appellee's judgment and execution. The lot was sold in good faith for its full value, and although John W. Rutt may have intended at the time to make the distribution which he did make, and the money realized from the sale may have formed part of the fund distributed, it does not appear that the agreement between the father and children entered into the consideration for the conveyance.

The only fraud with reference to the lot, was the allowance to Jonathan R. of four hundred dollars as payment on the note and mortgage, the same as allowed to the other children, at the distribution. With a proper averment and prayer in the bill, appellee could have the mortgage foreclosed to that extent for his benefit.

The decree will be reversed, and the cause remanded with leave to amend the bill if desired.